# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF NORTH CAROLINA
# SOUTHERN DIVISION

No. 7:14-CV-219-BR

| | | |
|---|---|---|
| HELEN MCKOY BLANKS, et al., | ) | |
| Plaintiffs, | ) ) ) | |
| v. | ) ) | ORDER |
| MURPHY-BROWN, LLC, | ) ) | |
| Defendant. | ) ) | |

This matter is before the court on Defendant's motion to compel the inspection of Plaintiffs' properties and for expedited hearing today, January 28, 2019, regarding the inspection protocol. [DE-56]. Plaintiffs filed a response in opposition. [DE-57]. For the reasons set forth below, the motion is allowed in part and denied in part.

On December 11, 2018, Defendant proposed to inspect Plaintiffs' properties on January 29, 30, and 31 and requested a meet and confer "to discuss the parameters of the protocol for the inspection of Plaintiffs' properties." [DE-57-2] at 3. On December 19, Plaintiffs responded that the dates were acceptable but that they opposed altering the protocol used for inspection of Plaintiffs' properties in the Discovery Pool cases, and Plaintiffs asked Defendant to confirm the Discovery Pool protocol would be used in this case. [DE-57-3] at 2. On January 16, having received no response, Plaintiffs served by email a formal response to Defendant's December 11 request, reiterating their position and requesting a meet and confer. [DE-57-4]. On January 17, Plaintiffs sent another email, listing the addresses of Plaintiffs' properties and inviting a meet and confer. [DE-57-5]. On Monday, January 21, Defendant responded seeking a meet and confer on Wednesday or Thursday and proposing, among other things, a new inspection protocol. [DE-57-

1

7]. The parties held a meet and confer on Wednesday, January 23, but were unable to reach complete agreement on a protocol. [DE-57] at 3. Defendant filed the instant motion on Friday, January 25, after the close of business, and Plaintiffs filed a response in opposition on Sunday, January 27.

Defendant's delay in pursuing a new inspection protocol is inexplicable. Plaintiffs made their position regarding use of the Discovery Pool protocol known on December 19, yet Defendant did not propose a new protocol until January 21, eight days prior to the time for inspections to begin. Moreover, Defendant's delay has resulted in an eleventh-hour motion to compel seeking a hearing on the eve of inspections. Given the timing of the motion and the court's heavy criminal docket today, the requested hearing cannot be accommodated. Local Civ. R. 7.1(j) (hearings may be ordered at the court's discretion).

Turning to the substantive provisions in dispute, the court finds no good cause for the parties to diverge from the prior agreed to Discovery Pool protocol [DE-57-1] and related stipulation [DE-57-6], Master Case, No. 5:15-CV-13 [DE-250], except (i) Defendant shall be allowed a 12-person inspection team and shall endeavor to complete an inspection within four hours in order to accommodate the time for air sampling, and (ii) where both sides have agreed to a modification. Accordingly, the motion is allowed in part and denied in part.

SO ORDERED, this 28th day of January 2019.

_____
Robert B. Jones, Jr.
United States Magistrate Judge